FILED
MAY 04 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

WILMA L. COLE,

           Plaintiff,

v.

GOOD SAMARITAN HOSPITAL ER,
APPEAL COMMITTEE, HOSPITAL
ADMINISTRATOR

           Defendants.

CV. 09-298-AC

FINDINGS AND
RECOMMENDATION

ACOSTA, Magistrate Judge:

*Findings and Recommendation*

On March 19, 2009, Wilma Leah Cole ("Cole") filed a complaint (the "Complaint") and an application for leave to proceed in forma pauperis (the "Application"). The Complaint was eleven pages in length, entirely narrative in format, and mostly incoherent. Cole appeared to name the

Page -1- FINDINGS AND RECOMMENDATION         *{SIB}*

emergency room, the appeal committee, and the hospital administrator of Good Samaritan Hospital as defendants.

On March 23, 2009, the court granted the Application and dismissed the Complaint without prejudice (the "Order"). In the Order, the court advised Cole that the Complaint failed to establish the existence of federal subject matter jurisdiction. Specifically, the court explained that Cole's failure to identify a cause of action arising under federal law prevented it from asserting federal question jurisdiction over the Complaint and that in the absence of allegations specifying the citizenship of all parties and the amount in controversy, the court was unable to conclude that it had diversity jurisdiction. The court then advised Cole that the Complaint also failed to state a claim upon which relief can be granted in that it contained no reference to the legal theories upon which she relied and failed to set forth a cogent statement of the specific relief or remedies she sought. The court gave Cole thirty days to file an amended complaint curing each of these deficiencies.

Plaintiff filed an amended complaint on April 2, 2009 (the "Amended Complaint"). In the Amended Complaint, Cole names the same entities as defendants but again fails to allege the residence of each defendant. The Amended Complaint does contain a request for $13 million in damages for Cole and all her relatives, both living and deceased, whom she lists in detail. Cole appears to allege a criminal conspiracy to physically harm her in which the named defendants, as well as the police, various judges, probation officers, nurses, doctor, and a dentist, participated. She specifically alleges violations of OR. REV. STAT. 162.305 (tampering with pubic records); 162.335 (compounding crimes); 161.450-.455 (conspiracy); 133.724 (interception of communications); 163.200 (criminal mistreatment in the second degree); 656.298 (judicial review of a workers' compensation board order); 162.325 (hindering prosecution); 30.080 (effect of death of wrongdoer);

676.165 (complaint investigation against health officials); and 166.076 (abuse of memorial to the dead).

*Legal Standard*

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3) (2009); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants. *Stock West, Inc., v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A federal district court is empowered to hear only those cases that are within the judicial power conferred by the United States Constitution and those that fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F.2d 1107, 1112-13 (9th Cir. 1991). Original jurisdiction must be based either on a claim involving the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331 (2009), or on diversity of citizenship, which applies to suits totaling more than $75,000 in controversy between citizens of different states, 28 U.S.C. § 1332 (2009). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If the court determines from the face of the complaint that it lacks subject matter jurisdiction, it must dismiss the case. *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)("[T]he court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.").

In cases involving a plaintiff proceeding *pro se*, the court construes the pleadings liberally

and affords the plaintiff the benefits of any doubt. *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)("[F]ederal courts liberally to construe the 'inartful pleadings' of pro se litigants."). In other words, courts hold *pro se* pleadings to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-624.

## *Discussion*

In the Order, the court advised Cole that she had failed to identify a cause of action arising under, or that contains any reference to, a federal law or constitutional provision. Cole does not remedy this in her Amended Complaint. To the contrary, she specifically references numerous state statutes. Even construing the allegations of the Amended Complaint liberally and affording Cole the benefit of any doubt, the court is convinced that Cole is unable to state a federal law claim based on the facts alleged. While Cole's allegations against police officers, judges and probation officers could arguably assert a civil rights claim against these individuals, Cole has not named them as defendants in this action and Cole is unable to state a civil rights claims against the named defendant, all of whom are private entities or individuals. *Briley v. California*, 564 F.2d 849, 853 (9th Cir. 1977)(To state a claim for violation of civil rights under 42 U.S.C. § 1983, "a plaintiff must allege that (1) the defendant was acting under color of state law at the time the acts complained of were committed, and that (2) the defendant deprived plaintiff of a right, privilege, or immunity secured

by the Constitution or laws of the United States.")[1]

Cole has also failed to adequately allege the elements necessary to establish diversity jurisdiction. While Cole has alleged an amount in controversy over the required $75,000, she has failed to establish that the parties are citizens of different states. Cole indicates that she lives in Hillsboro, Oregon, but has no allegations regarding the domicile of the named defendants. In the absence of allegations establishing that Cole and the named defendants are residents of different states, Cole has failed to allege grounds for diversity jurisdiction. *In Re Mexico City Aircrash of October 31, 1979*, 708 F.2d 400, 404 n.4 (9th Cir. 1983)("The essential elements of diversity jurisdiction, including the diverse residence of all parties, must be affirmatively alleged in the pleadings.").

Based on the allegations of the Amended Complaint, this court does not have federal subject-matter jurisdiction over Cole's claims. Dismissal of this action is appropriate. The court also recommends dismissing the action with prejudice. Cole's failure to address the deficiencies set forth in the earlier order indicates that any further leave to amend would be futile.

Additionally, a court may dismiss a case when a plaintiff fails to comply with a court order. FED. R. CIV. P. 41(b) (2009); *see also Agnew v. Moody*, 330 F.2d 868, 870-71 (9th Cir. 1964). The district court, however, must weigh five factors to determine whether to dismiss a case for failure to comply with a court order, including: "(1) the public's interest in expeditious resolution of

---

[1]Additionally, the court notes that in her Amended Complaint, Cole alleges that "as to Good Samaratain [sic] I have a court date set for 13 April 09. Attorney Laura Baldwin. Pretrial 4/2/09." A search of this court's case management database reveals that Cole has no other active cases in this court at this time. This would mean that the case Cole is referring to in this statement is filed in state court. If this is true, the *Younger* doctrine would apply and require either dismissal or a stay of this action in favor of the state court proceeding. *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007).

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik*, 963 F.2d at 1260-61(citations omitted).

Here, Cole's failure and evident lack of effort to comply with the court's prior order is grounds for dismissal with prejudice under Rule 41(b). *See Agnew*, 330 F.2d at 870; *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir. 1981). "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)(internal citation omitted). This court's review of the incoherent and rambling allegations in both the Complaint and the Amended Complaint takes valuable time away from other matters on this court's docket. *See Ferdik*, 963 F.2d at 1261. The risk of prejudice to the named defendants resulting from a dismissal of the Amended Complaint with prejudice is negligible, if not nonexistent. Finally, Cole's failure to comply with the earlier order is evidence that less drastic alternatives will prove ineffective. *See Nevijel*, 651 F.2d at 674 ("Though there are a wide variety of sanctions short of dismissal available, the district court need not exhaust them all before finally dismissing a case.").

## Conclusion

This case should be dismissed with prejudice for lack of subject matter jurisdiction and for failure to comply with a court order.

## Scheduling Order

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than **May 19, 2009**. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the

objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 4th day of May, 2009.

_____
JOHN V. ACOSTA
United States Magistrate Judge